IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED
AUG 15 2014
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

ABDUL-AZIZ RASHID )
MUHAMMAD, )
                          )
      Petitioner, )
                          )
v. )   Civil Action No. 3:14CV387–HEH
                          )
ERIC WILSON, )
                          )
     Respondent. )

## MEMORANDUM OPINION
(Dismissing 28 U.S.C. § 2241 For Want Of Jurisdiction)

Abdul-Aziz Rashid Muhammad, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition. ("§ 2241 Petition," ECF No. 1.) For the reasons set forth below, the § 2241 Petition will be dismissed for want of jurisdiction.

### I. Procedural History

In 1990, the U.S. District Court for the Eastern District of Kentucky ("Sentencing Court") convicted Muhammad of conspiracy to commit armed bank robbery, aiding and abetting armed bank robbery, use of a firearm during a crime of violence, and possession of a firearm by a convicted felon. *See United States v. Muhammad*, 948 F.2d 1449, 1452 (6th Cir. 1991); (§ 2241 Pet. Ex. 1). The Sentencing Court sentenced Muhammad to 327 months of imprisonment followed by a mandatory twenty-year consecutive sentence for his 18 U.S.C. 924(c) use of a firearm conviction. *Muhammad*, 948 F.2d at 1452. Thereafter, Muhammad began to file numerous post-conviction challenges to his conviction and sentence. *See Muhammad v. Purdue*, No. 5:12CV129, 2013 WL

4508870, at *6 (N.D. W. Va. Aug. 23, 2013) (outlining Muhammad's prior challenges in various federal courts).

On March 14, 2014, this Court dismissed another § 2241 Petition, wherein Muhammad once again asserted that he is "actually innocent" of the 1990 § 924(c) conviction and improperly sentenced to a consecutive twenty-year mandatory sentence and that his consecutive sentence is unconstitutional in light of the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013).[1] *See Muhammad v. Oliver*, No. 3:14CV72–HEH, 2014 WL 1050621, at *2 (E.D. Va. Mar. 14, 2014). The matter is before the Court on another § 2241 Petition filed by Muhammad challenging his 1990 § 924(c) conviction and sentence.

## II. Analysis

The United States Court of Appeals for the Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The "controlling test," *id.*, in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is*

---

[1] In *Alleyne*, the Supreme Court addressed a defendant's mandatory minimum sentence of seven years for brandishing a firearm under 18 U.S.C. § 924(c)(1)(A)(ii). *Alleyne*, 133 S. Ct. 2155–56. The Supreme Court held that, other than prior convictions, "facts that increase [statutory] mandatory minimum sentences must be submitted to the jury." *Id.* at 2163.

*deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which *an individual is incarcerated for conduct that is not criminal* but, through no fault of his own, he has no source of redress." *Id.* at 333 n.3 (emphasis added).

Muhammad fails to satisfy the second prong of *In re Jones*. *See id.* at 334. Despite the elaborate legal argument in his § 2241 Petition, Muhammad fails to demonstrate that "subsequent to [his] direct appeal and [his] first § 2255 motion, the substantive law changed such that the conduct of which [he] *was convicted is deemed not to be criminal.*" *Id.* (emphasis added). The 1990 conduct of which Muhammad stands convicted, use of a firearm during a crime of violence, remains criminal. *See Muhammad*, 948 F.2d at 1451–52 (reciting the facts supporting Muhammad's conviction). Accordingly, the Court will dismiss Muhammad's 28 U.S.C. § 2241 Petition for want of jurisdiction.

An appropriate Order shall issue.

                                                      /s/
                                   HENRY E. HUDSON
Date: August 13 2014        UNITED STATES DISTRICT JUDGE
Richmond, Virginia